[L. A. No. 11146. In Bank.—June 26, 1931.]

J. I. YATES, Respondent, v. CHARLES EUDEMILLER et al., Appellants.

Hulme, Hastings & Bartlett, Gumpert & Mazzera and Stanley Howell for Appellants.

Arthur A. Weber and J. C. Dunn for Respondent.

PRESTON, J.—This action to compel specific performance of an agreement for the exchange of certain real properties located in Santa Monica and Venice, California, pursuant to written agreement of the parties dated October 20, 1927, was tried by the court without a jury.

Plaintiff ready at all times to perform, duly tendered a deed to defendants, which they refused to accept and they likewise refused to convey to plaintiff in conformity with said contract. The agreement of exchange consisted of a writing subscribed by defendants, stating that they desired to exchange their described property for that of plaintiff and appointing D. A. Fearon as agent to secure acceptance of the proposition, followed by a written acceptance thereof by plaintiff, agreeing to convey his said property to defendant Beatrice Eudemiller.

Upon the claim of defendants that alleged uncertainties in the writing rendered it incapable of specific performance, the court found that said writing was a complete instrument and agreement by which the parties were bound; that it became effective as to all of the parties on said twentieth day of October, 1927, and was delivered to said D. A. Fearon by

them without reservation, limitation or condition; and that said Fearon was at all times the agent of all of said parties.

Upon conflicting evidence as to the respective values of the properties to be exchanged the court found that the said contract of exchange was fair, just, reasonable and equitable; that the considerations between the parties from one to the other were just and adequate; that said contract was mutual between the parties and the value to each of the several properties intended to be exchanged was equal; further that the exchange was prevented solely by defendants' neglect and refusal to perform, as above set forth.

Defendants, seeking to justify their nonperformance, relied upon three fraudulent representations alleged to have been made by plaintiff, to wit: That the building to be conveyed by him was a brick building with brick walls, covering the entire lot, whereas the back of the building was found to be stucco with a small yard in the rear, and that there were no colored persons within three blocks of said property, whereas colored persons were seen eating in the building next door. In this behalf the court found that it was not true that plaintiff so represented to defendant; that on the contrary plaintiff acted in good faith and defendants did not rely upon any representations made by him.

From the above findings the court concluded that the case was a proper one for an order of specific performance and judgment was entered accordingly decreeing that the exchange be consummated and that plaintiff recover costs. Defendants have appealed.

Several of the contentions urged upon appeal are already disposed of by the above recital. There is competent evidence in abundance to support the findings and judgment, showing a complete and effective agreement of exchange executed by these parties, through their joint agent, with a sufficient tender of performance by respondent, refused by appellants. The evidence also thoroughly supports the conclusion that the properties sought to be exchanged were about of an equal value and that no reliance was placed by appellants upon the fraudulent or any representations of respondent or said agent.

We shall now discuss the effect of certain erroneous rulings made by the trial court in sustaining respondent's objections to the admission of evidence relating to alleged

representations made to appellants, without the presence of respondent, by said agent upon the ground that the agent was acting for both parties with their knowledge. Respondent in effect concedes that the objections were improperly sustained by the trial court, but argues that the error was not prejudicial, and with this position we are in accord.

We do not desire to go into the evidence at length. It is sufficient to say that the testimony of appellant Beatrice Eudemiller contained practically all of the material evidence of the character contained in the rejected offer of proof. Prior to execution of said agreement and about the middle of October, agent Fearon took said appellant down to visit the property. There was no concealment of the evident fact that the rear walls of the building were of stucco or cement construction and that the building did not entirely cover the lot. In fact, said appellant stated that plaintiff told her it was not built solid and that agent Fearon told her there were negroes two or three blocks away. Her testimony, relating this visit, included an account of the statements made by plaintiff and said Fearon which might have constituted representations made to her concerning the property. A witness, one Southall, who was working in a store located in said building, testified that said appellant not only visited it on October 10th, but that he also saw her in his store on October 13th or 14th, accompanied by her son. Said appellant further testified that shortly after signing the agreement, when she again visited the property with her son and saw colored people eating in the building next door, she returned to agent Fearon's office and told him about it, whereupon he "put his hand to his head" and said, "Well, golly, I did not know that" and told her that she would have to fight it out with respondent.

In short, as ample and abundant support for the findings and judgment appears in the record and as it is plain therefrom that appellants did not rely to their hurt upon any of the alleged representations made by respondent or said agent and as, for all practical purposes, the evidence rejected by the court was brought out upon other examination of witnesses, we must hold that appellants' cause was not prejudiced in any manner whatsoever by the errors of which they complain. All of appellants' contentions have received con-

sideration and have been found to be without merit, further discussion being unnecessary.

The judgment is affirmed.

Shenk, J., Richards, J., Seawell, J., and Langdon, J., concurred.

Rehearing denied.